ANIKA WARNER, ET AL.                    CASE NO. 2:18-CV-01435 (lead)
                                                                        2:19-CV-00044 (member)

VERSUS                                             JUDGE JAMES D. CAIN, JR.

TALOS ERT, LLC; ET AL.                    MAGISTRATE JUDGE KAY

## MEMORANDUM RULING

Before the court are Motions for Default Judgment [docs. 17, 21] as to defendant Diverse Safety and Scaffolding, LLC ("DSS") filed by plaintiff Anika Warner and consolidated plaintiff Vantrece Jackson in the lead case, and a Motion for Default Judgment [doc. 21] filed by Jackson in the member case. Also before the court are Motions to Set Aside Default [docs. 26, 28] filed in the lead case by DSS, which are opposed by Warner and Jackson. The motions relate to the clerk's entry of default issued against DSS in this case and the member case, *Jackson v. Talos ERT, LLC*, No. 19-cv-00044 (W.D. La.), on April 23 and 25, 2019.

## I.
### BACKGROUND

Anika Warner, in her capacity as guardian of minor child Y.J., filed this wrongful death suit on November 2, 2018. Doc. 1. She seeks damages relating to the death of Walter Jackson ("decedent") in an accident that allegedly occurred on or about February 17, 2018, on an oil and gas production platform. *Id.* at ¶¶ 4, 6. She filed suit against Talos ERT, LLC ("Talos"), as the platform owner and/or operator, and DSS, as the owner and operator of

the scaffolding used on the platform. *Id.* Vantrece Jackson, surviving spouse of the decedent, also filed a wrongful death suit in this court against Talos and DSS on January 15, 2019. *Jackson*, No. 19-cv-00044, at doc. 1. The two cases were consolidated by court order on May 29, 2019. *Id.* at doc. 23.

Talos was served in both suits and timely filed its answer. Plaintiffs filed returns of service for DSS, through "VICKY LEWIS, RECEPTIONIST, AUTHORIZED AGENT FOR SERVICE" (Warner) and "Morial Vallot" (Jackson), dated December 12, 2018, and February 12, 2019. *Id.* at doc. 4; *Warner v. Talos ERT, LLC*, No. 18-cv-01435, at doc. 4 (W.D. La.). Under these returns DSS's answers were due on February 2 and March 5, 2019, respectively. No answer was filed by those deadlines, and a clerk's entry of default as to DSS was made in both cases prior to their consolidation. *Jackson*, No. 19-cv-00044, at doc. 22; *Warner*, No. 18-cv-01435, at doc. 16.

Prior to consolidation, Jackson moved for default judgment in the member case. *Jackson*, No. 19-cv-00044, at doc. 21. After consolidation, both plaintiffs also moved for default judgment in the lead case. *Warner*, No. 18-cv-01435, at docs. 17, 21. Those motions are still pending, and DSS now moves to vacate the default in both cases. Docs. 26, 28. Specifically, it asserts that service in the Warner suit was deficient, that default judgment is unwarranted, and that good cause exists to vacate the default under Federal Rule of Civil Procedure 55(c). Plaintiffs oppose the motions. The court first considers whether grounds exist for setting aside the default and will only consider whether the motions for default judgment should be granted if it finds that the default itself should stand.

## II.
## LAW & APPLICATION

### A. Law Governing Motion to Set Aside Default

Under Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default for good cause. The Fifth Circuit has identified the following three factors as useful in determining the existence of good cause: "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). The district court may treat either the first or third factor as dispositive. *Pelican Renewables 2, LLC v. Directsun Solar Energy & Technology, LLC*, 325 F.R.D. 570, 574–75 (E.D. La. 2016). It may also consider other issues, such as whether a party acted expeditiously to correct a default. *In re Chinese Manufactured Drywall Products Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014).

The Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments." *Rogers v. Hartford Life and Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999). Accordingly, "if there are no countervailing equities such as a legitimate claim of prejudice . . . , 'any doubt should, as a general proposition, be resolved in favor of the party moving to set aside the default to the end of securing a trial upon the merits.'" *Pelican Renewables 2*, 325 F.R.D. at 575 (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Svc.*, 277 F.2d 919, 921 (5th Cir. 1960)) (cleaned up).

## B. Warner Default

In the Warner suit, DSS contends that entry of default was improper because service was ineffective. Under Federal Rule of Civil Procedure 4(h), a corporation, partnership, or association must be served in either (1) the manner set forth under Rule 4(e)(1) for serving an individual (which provides that the individual may be served in accordance with state law in the state where the district is located or service is made), or (2) by delivering a copy of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ."

Under the first option, the Louisiana Code of Civil Procedure provides that service of process on a limited liability company is made by personal service on its agent for service of process. La. C. Civ. P. art. 1266(A). "[I]f the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent, service . . . may be made by . . . [p]ersonal service on any employee of suitable age and discretion at any place where the business of the limited liability company is regularly conducted." *Id.* at art. 1266(B)(2). Under the second, a person does not qualify as an agent of the defendant unless she has "actual authorization from the entity sought to be served." *Fyfee v. Bumbo Ltd.*, 2009 WL 2996885, at *2 (S.D. Tex. Sep. 16, 2009).

Warner served DSS through employee Vicky Lewis. Lewis, however, was a receptionist at DSS and was not a registered agent or officer for the company. Doc. 26, att. 2 (declaration of Damascus Jones). Lewis forwarded the complaint to DSS Health, Safety, and Environment manager Damascus Jones, who admits that he did not forward the

complaint to anyone because he "assumed counsel had already been assigned for [handling]." *Id.* at ¶¶ 6–7.

"In the absence of valid service of process, proceedings against a party are void." *Aetna Bus. Credit v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434 (5th Cir. 1981). Accordingly, a default judgment entered against a party who has not been properly served is an absolute nullity. *Miner v. Punch*, 838 F.2d 1407, 1410 (5th Cir. 1988). The burden of proving valid service is on the serving party. *Aetna Bus. Credit*, 635 F.2d at 435.

As Warner notes, one line of cases takes a more liberal approach to service under Rule 4(h) (formerly Rule 4(d)) and does not require that the person served actually be the officer or agent. *See O'Meara v. New Orleans Legal Assistance Corp.*, 1991 WL 110401, at *3 (E.D. La. Jun. 10, 1991) (collecting cases). Service is only adequate under these cases, however, if "the person served is so situated within the corporation that he or she will know what to do with the papers, **and so long as the managing agent or agent for service actually receives the papers.**"[1] *Id.* (emphasis added). As shown *infra*, the proper registered agent also sent the papers in the Jackson suit to Damascus Jones. However, Warner does not assert or show that Jones or Lewis was qualified to receive service under Rule 4(h). Because she cannot show valid service of process for her suit, there is no basis for granting a default judgment and so the default must likewise be set aside.

---

[1] The court makes no commitment to follow this interpretation, at any rate. The Eastern District rejected the approach in *O'Meara*. Since that time, the Fifth Circuit announced in an unpublished decision that it also "adopt[ed] the line of reasoning [from] *O'Meara*, which holds that 'the individual sought to be served must have actually authorized another to accept service of process on the would-be principal's behalf . . . .'" *Lisson v. ING Groep NV*, 262 Fed. App'x 567, 569 (5th Cir. 2007) (unpublished) (quoting *O'Meara*, 1991 WL 110401, at *2).

## C. Jackson Default

DSS admits that Jackson properly accomplished service on the company on February 12, 2019, through registered agent Morial Vallot, and DSS's answer thus became due by March 5, 2019. *See* doc. 28, att. 2, p. 2. When DSS made no appearance, Jackson moved for a default judgment on April 25, 2019, the same day the clerk's entry of default was made. Jackson also filed a motion for entry of default judgment in the consolidated case on June 7, 2019. DSS filed its motion to set aside default on June 27, 2019. Doc. 28.

While the burden of proving valid service is on the plaintiff, the moving party bears the burden of establishing good cause to set aside a default under Rule 55(c). *Sindhi v. Raina*, 905 F.3d 327, 332 (5th Cir. 2018). DSS argues that good cause exists here because it did not willfully ignore or evade the complaint and because no prejudice or injustice to Jackson will result, given that the suit is still in its early stages. Doc. 28, att. 2. Jackson maintains that DSS's mishandling of the complaint amounts to inexcusable neglect, malice, or willful intent to evade the suit, based on its "pattern of not responding to this Court's process." Doc. 32, p. 2. She also asserts that the delay is sufficiently prejudicial because it has brought the adversarial process to a halt for the last few months.[2] *Id.*

In Rule 55(c) cause analysis, the Fifth Circuit has defined willfulness as "an intentional failure to respond to litigation." *In re OCA*, 551 F.3d at 370 n. 32 (quoting *Lacy*,

---

[2] Jackson also notes that DSS has not presented a meritorious defense, under the third *Lacy* factor. DSS argues that it has had no opportunity to contest the merits and maintains that it might still satisfy this factor because the court is only required to examine "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *In re OCA, Inc.*, 551 F.3d 359, 373 (5th Cir. 2008) (quoting *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 122 (5th Cir. 2008)). Still, the Fifth Circuit is clear that the defendant must provide "definite factual allegations, as opposed to mere legal conclusions, in support of her defense" in order to satisfy this factor. *Jenkens & Gilchrist*, 542 F.3d at 122. Accordingly, DSS cannot prevail on this motion based on its contention that discovery may yield support for some unspecified defense.

227 F.3d at 292). This occurs where the defendant makes a "conscious decision to evade . . . litigation after being served." *Cooper v. Faith Shipping*, 2010 WL 2360668, at *13 (E.D. La. Jun. 9, 2010). When the defendant's neglect contributes to its failure to respond, it must show the court by a preponderance of the evidence that the neglect was excusable rather than willful. *In re Chinese Manufactured Drywall Products Liab. Litig.*, 742 F.3d at 594.

DSS shows that its failure to respond was caused by Damascus Jones's mishandling of the complaint, based on his belief that it had already been forwarded to counsel.[3] *See* doc. 28, att. 3, ¶¶ 3–4 (Jones declaration). Jones's mishandling of the Warner complaint as well, supra, and the lack of any basis for him to believe the company would not be liable to Jackson if he simply disregarded the complaint support the company's claim of excusable neglect. Accordingly, this factor supports setting aside the default.

On the prejudice factor, DSS shows that its delay in appearance amounts to less than four months in this suit. The motion to set aside default ripened less than five months after DSS's answer was due, and the court is considering it now in short order. Accordingly, DSS asserts, the matter has not caused a loss of evidence or other complications warranting a loss of its opportunity for a trial on the merits, especially given the large amount of damages potentially at issue.

Mere delay, or being forced to try the case on the merits, does not constitute prejudice. *Lacy*, 227 F.3d at 293. Instead, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud

---

[3] In its reply brief, DSS asserts that Jones is no longer employed by DSS. Doc. 37, p. 2. It does not explain the cause of his separation.

and collusion." *Id.* (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)). Jackson makes no such showing, but instead alleges that the delay itself is prejudicial because it is a "continued delay" in her opportunity to seek justice on her claims. Doc. 32, att. 2, p. 5. To this end she points to *Boost Worldwide, Inc. v. Cobos*, 2012 WL 12881968 (W.D. Tex. Dec. 21, 2012), where the district court entered a default judgment after considering defendant's three-month delay in responding to the complaint. *Id.* at *3. In that matter, however, the court had not received any filing from the defendant and the court was only considering whether a judgment of default was appropriate. Here DSS has appeared, moved to set aside default, and seems ready to contest the case on the merits. Additionally, the plaintiff in *Boost* was seeking a permanent injunction against the defendant's use of its trademarks. Here, on the other hand, Jackson seeks only monetary relief and does not allege that any ongoing injury is being inflicted by DSS. Accordingly, the delay in this matter does not support default judgment on Jackson's claims against DSS. Given the lack of willfulness or prejudice, the motion to set aside default should be granted.

## III.
### CONCLUSION

For the reasons stated above, the Motions to Set Aside Default [docs. 26, 28] will be granted and the defaults entered against DSS in the lead and member cases will be set aside. Meanwhile, the Motions for Default Judgment in this case [docs. 17, 21] and the member case [doc. 21] will be denied as moot.

**THUS DONE** in Chambers on this ___15___ day of ___August___, 2019.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**